IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

TIMOTHY A. JONES,

    Plaintiff,

v.                                                                                 Civil Action No. **3:11CV511**

**LIEUTENANT NEWBY,** *et al.*,

    Defendants.

## MEMORANDUM OPINION

Timothy A. Jones, a former Virginia prisoner proceeding *pro se* and *in forma pauperis*, brings this action pursuant to 42 U.S.C. § 1983.[1] Jones names Lieutenant Newby and two unidentified individuals ("the Doe Defendants") as defendants. The matter is before the Court on Jones's failure to identify and serve the Doe Defendants and the Motion to Dismiss filed by Lieutenant Newby. By Memorandum Order entered December 11, 2012, the Court provided Jones with *Roseboro* notice.[2] (ECF No. 18.) Jones has not responded to the Motion to Dismiss. These matters are ripe for disposition.

---

[1] That statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

[2] *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975).

## I. JONES'S FAILURE TO IDENTIFY AND SERVE THE DOE DEFENDANTS

Federal Rule of Civil Procedure 4(m)[3] requires that, absent a showing of good cause, the Court must dismiss an action against a defendant where the plaintiff fails to serve such defendant within one hundred and twenty (120) days from the filing of the Complaint. Courts within the Fourth Circuit have found good cause to extend the 120-day time period when the plaintiff has made "'reasonable, diligent efforts to effect service on the defendant.'" *Venable v. Dep't of Corr.*, No. 3:05cv821, 2007 WL 5145334, at *1 (E.D. Va. Feb. 7, 2007) (quoting *Hammad v. Tate Access Floors, Inc.*, 31 F. Supp. 2d 524, 528 (D. Md. 1999)).

Here, the 120-day period commenced on February 14, 2012.[4] By Memorandum Order entered on February 14, 2012, the Court informed Jones that he had 120 days to identify and serve the Doe Defendants. More than 120 days elapsed and Jones failed to serve the Doe Defendants. Therefore, by Memorandum Order entered on October 23, 2012, the Court directed Jones to show good cause within eleven (11) days of the date of entry thereof why the action should not be dismissed against the Doe Defendants.

On November 15, 2012, Jones responded. Jones asserts that he sent "the defendants a discovery motion back in January 2012 requesting the names and identities of the John Does and Jane Does and/or any material that could assist the plaintiff in successfully filing his Complaint.

---

[3] Rule 4(m) provides, in pertinent part:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

[4] The Court considers the Complaint "filed" on the date it concludes statutory screening under the Prison Litigation Reform Act. *See Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004).

The defendants failed to response [sic] and no material or information has been sent to the plaintiff." (Reply Order (ECF No. 17) 2 (capitalization corrected).) At the time Jones allegedly sent the defendants a discovery request in January of 2012, the action had not been filed, nor any defendant served. Thus, no defendant had any obligation to respond to Jones's January 2012 discovery request. *See Howard v. Heffron*, 118 F.R.D. 590, 590 (W.D. Mich. 1988). Moreover, subsequent to the filing of the Complaint, Jones made no effort to discover the identities and addresses of the Doe Defendants. Jones failed to make "'reasonable, diligent efforts to effect service on the'" the Doe Defendants. *Venable*, 2007 WL 5145334, at *1 (quoting *Hammad*, 31 F. Supp. 2d at 528). Accordingly, Jones's claims against the Doe Defendants will be DISMISSED WITHOUT PREJUDICE.

## II. NEWBY'S MOTION TO DISMISS

### A. Standard of Review

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

B.     **Summary of Allegations**

In his Complaint, Jones alleges:

> On October 27, 2009, at approximately 7:00 a.m., I was called to the medical station to be administered a tuberculosis shot, by Nurse Sandra Vass

(Annex Building). Nurse Vass was being assisted by Lt. Newby, Officer Easley and Officer Walton in administering the tuberculosis shot. As I entered the multipurpose area of the Annex Building where the Nurse Station is located, I observed Mrs. Vass administering shots to the inmate population from a table located in front of the Nurse Station. As I stood in line to wait until it was my time to receive the shot, I observed that Nurse Vass was not changing her gloves after she had administered the tuberculosis shot to each inmate. When it was time for me to receive the shot, I asked Nurse Vass would she please change her gloves because I had just seen her wipe blood from the inmate's arm that had just [gone] before me, and that I did not see her change her gloves once between her administering the shot to approximately sixty (60) or more other inmates that had went before me. Nurse Vass told me, "No, . . . I am not going to change my gloves."

Lt. Newby violated the United States Constitution and the Virginia State Constitution as a state employee when he failed to protect me from the action of another state employee (Nurse Vass). Lt. Newby knew or should have known that Nurse Vass's action was in violation of public policy and federal and state laws. Lt. Newby did nothing to protect and secure my safety and well-being as a state employee under the color of law. Due process was denied ... when Lt. Newby failed to perform his official duty under the law and Constitution. He had the discretionary authority under the institution to make Nurse Vass change her gloves, but failed to do so. This was an extraordinary circumstance and any deprivation imposed by prison authorities trigger[s] the procedural protection of the Due Process Clause.[5] While there is little question as to rather [sic] or not Lt. Newby had a duty to protect and secure me from the misconduct and negligent actions of Nurse Vass. He did nothing to prevent this from happening. Lt. Newby knew or should have known that Nurse [Vass's] actions not only pose a threat to the plaintiff, but the entire offender population. Measured against the standards and procedure that Lt. Newby chose to take, it was appreciably fostered by purely conscientious disregard for the wellbeing of another. Therefore, the plaintiff seeks remedy from this court under 42 U.S.C. 1983 Civil Rights Act.

Lt. Newby's actions . . . caused me to suffer from emotional and mental anguish and stress.

(Compl. (A)–(B) (capitalization, spacing, spelling, and punctuation corrected).) Jones demands $1,500,000.00 in punitive damages and $100,000.00 in monetary damages.

C. Analysis

In order to state a viable claim against an individual under 42 U.S.C. § 1983, a plaintiff must allege facts that plausibly suggest that a person acting under color of state law deprived him

---

[5] No State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. XIV, § 1.

5

or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983). Although Jones references the Due Process Clause in his Complaint, "it is now well established that the Eighth Amendment 'serves as the primary source of substantive protection to convicted prisoners,' and the Due Process Clause affords a prisoner no greater substantive protection 'than does the Cruel and Unusual Punishments Clause.'" *Williams v. Benjamin*, 77 F.3d 756, 768 (4th Cir. 1996) (quoting *Whitley v. Albers*, 475 U.S. 312, 327 (1986)). Thus, Jones's substantive due process claim is subsumed within his claim that Lieutenant Newby violated the Eighth Amendment[6] by failing to ensure the Nurse Vass followed proper hygienic procedures.

In order state an Eighth Amendment claim, Jones must allege facts that suggest: (1) that objectively the deprivation suffered or harm inflicted was "'sufficiently serious,' and (2) that subjectively the prison officials acted with a 'sufficiently culpable state of mind.'" *Johnson v. Quinones*, 145 F.3d 164, 167 (4th Cir. 1998) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Under the objective prong the inmate must allege facts that suggest that the deprivation complained of was extreme and amounted to more than the "'routine discomfort'" that is "'part of the penalty that criminal offenders pay for their offenses against society.'" *Strickler v. Waters*, 989 F.2d 1375, 1380 n.3 (4th Cir. 1993) (quoting *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)). Generally, "[i]n order to demonstrate such an extreme deprivation, a prisoner must allege 'a serious or significant physical or emotional injury resulting from the challenged conditions.'" *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003) (quoting *Strickler*, 989 F.2d at 1381).

---

[6] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

Jones has failed to allege facts that suggest he sustained "'a serious or significant physical or emotional injury'" from Nurse Vass's failure to change her gloves. *Id.* (quoting *Strickler*, 989 F.2d at 1381). Given that deficiency, Jones has failed to state an Eighth Amendment claim. *Solan v. Rice*, No. 3:09CV643, 2011 WL 2982190, at *3–5 (E.D. Va. July 22, 2011) (concluding inmate's complaint about "suffer[ing] great psychological stress and anxiety" from failure to test him for cancer insufficient to support an Eighth Amendment claim) (internal quotation marks omitted); *Harris v. Vass*, No. 7:10CV00327, 2010 WL 8750302, at *1–2 (E.D. Va. July 30, 2010) (dismissing as legally frivolous nearly identical claim against Nurse Vass); *Winslow v. Johnson*, No. 3:08CV184, 2009 WL 743437, at *4 (E.D. Va. Mar. 18, 2009) (finding that plaintiff inmate's claim failed to establish resulting serious physical or emotional injury).[7] Accordingly, Jones's constitutional claim against Lt. Newby will be DISMISSED.

Generally, supplementary state law claims should be dismissed if the federal claims are dismissed before trial. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). In light of the preliminary dismissal of Jones's federal claim, the Court declines to exercise its discretion to retain Newby's state law claims. *See Jenkins v. Weatherholtz*, 909 F.2d 105, 110 (4th Cir. 1990).

The Motion to Dismiss (ECF No. 14) will be GRANTED. The action will be DISMISSED WITH PREJUDICE.

An appropriate Final Order shall issue.

Date: 3-12-13
Richmond, Virginia

/s/
James R. Spencer
United States District Judge

---

[7] Jones cannot pursue a claim for monetary relief for any emotional harm because he failed to sustain any physical injury. *See* 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.").

7